UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Stephen Thomas Schouenborg,

            Petitioner,

vs.                               REPORT AND RECOMMENDATION

State of Minnesota,

            Respondent.         Civ. No. 05-539 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(a)(1)(B), on the Petitioner's request for Habeas Corpus relief under Title 28 U.S.C. §2254. See, Docket No. 1. The Petitioner appears pro se and, because his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondent. For reasons which follow,[1] we recommend that the Petition for Writ of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Habeas Corpus be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.

## II. Factual and Procedural Background

The Petitioner is a prisoner of the State of Minnesota, who is currently incarcerated at the Minnesota Correctional Facility at Rush City, Minnesota. He is seeking Habeas Corpus review of his Minnesota State criminal conviction for murder, and his resulting 420-month State prison sentence.

The Petitioner has already challenged his conviction, and sentence, in an earlier Habeas Corpus Petition, which was filed in this District in 2000. See, Schouenborg v. State of Minnesota, Civil No. 00-2800 (PAM/RLE)["Schouenborg I"]. The Petition in Schouenborg I was reviewed, and was dismissed on its merits.

Now, the Petitioner seeks to contest the same murder conviction and sentence that were before the Court in Schouenborg I. Therefore, the Petitioner's current Petition constitutes a "second or successive" Petition that cannot properly be entertained here.

## III. Discussion

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal

Habeas Corpus statutes. One of those changes appears at Title 28 U.S.C. §2244(b), which establishes new rules governing second and successive Petitions.[2]

---

[2]Title 28 U.S.C. §2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
 **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(continued...)

Under these new rules, a District Court cannot entertain a second or successive application for Habeas Corpus relief, which has been filed by a State prisoner, unless the prisoner has first obtained authorization from the appropriate Court of Appeals allowing him to file another Petition. See, Title 28 U.S.C. §2244(b)(3)(A); Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999)(prisoner must receive authorization from

---

$^2$(...continued)
   **(B)**   A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

   **(C)**   The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

   **(D)**   The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

   **(E)**   The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)**   A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

the Court of Appeals in order for a District Court to consider a second or successive application for Habeas Corpus relief).

Since the Petition now before us is the Petitioner's second application for Federal Habeas relief pertaining to his State Court conviction and sentence, and because Schouenborg I was dismissed on its merits, the Petition must be viewed as a "second or successive petition" for purposes of Section 2244(b). As such, the Petition cannot be entertained without pre-authorization from the United States Court of Appeals for the Eighth Circuit. The Petitioner has not demonstrated that he has secured such pre-authorization, and therefore, his current Petition must be dismissed for lack of jurisdiction. See, Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F. Supp.2d 1110, 1114, (N.D. Iowa 2000); Wainright v. Norris, 958 F. Supp. 426, 431-32 (E.D. Ark. 1996).

Accordingly, we recommend that the Petition be dismissed without prejudice, in order that the Petitioner can seek Habeas Corpus relief again, in a new action, if he is able to secure a pre-authorization Order from the Court of Appeals, as required by Section 2244(b)(3)(A).[3] The Petitioner should carefully note, however, that, absent

---

[3]There is case law suggesting that an action, which is barred by Section
(continued...)

a change in the governing law, the District Court will not entertain any future Habeas Corpus Petition, involving his Minnesota State murder conviction and/or sentence, unless that Petition is accompanied by a pre-authorization Order from our Court of Appeals.[4]

NOW, THEREFORE, It is –

---

[3](...continued) 2244(b)(3)(A), should be transferred to the appropriate Court of Appeals pursuant to Title 28 U.S.C. §1631, rather than simply being dismissed.  See, e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  We find it inadvisable, however, to follow that approach here.  Our Court of Appeals will not authorize the filing of another Habeas Petition in this Court unless the Petitioner can satisfy the standard prescribed in Section 2244(b)(2).  Since the Petitioner has made no attempt to meet that standard in his submissions to this Court, the Court of Appeals could not -- on the basis of the existing Record -- grant the pre-authorization that the Petitioner needs.  See, Title 28 U.S.C. §2244(b)(3)(C).  As a result, we recommend that the Petition be dismissed without prejudice, and require the Petitioner to seek pre-authorization directly from the Court of Appeals, as contemplated at Section 2244(b)(3), which will allow the Petitioner to fully explain, to that Court, why he believes he satisfies the criteria of Section 2244(b)(2), so as to be allowed to file another Habeas Corpus Petition in this District.

[4]Having determined that this action must be summarily dismissed for lack of jurisdiction, we have not considered the timeliness of the Petitioner's current Habeas Petition.  We note, however, that the one-year statute of limitations prescribed by Title 28 U.S.C. §2244(d)(1) appears to have expired long ago.  If that is so then, even if the Court of Appeals were to grant the Petitioner leave to file another Habeas Petition, we still may be precluded from reaching the merits of his claims.

RECOMMENDED:

1. That the Petitioner's application for Writ of Habeas Corpus [Docket No. 1] be denied.

2. That this action be summarily dismissed without prejudice for want of subject matter jurisdiction.

Dated:  March 17, 2005           *s/Raymond L. Erickson*
                                 Raymond L. Erickson
                                 UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than  April 1, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 1, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.